PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY INGENITO, Defendant.

Supreme Court, Kings County, April, 1923.

**Crimes — robbery — when certificate of reasonable doubt will be denied.**

Where defendant upon a trial fairly conducted before an able, experienced and impartial judge and on legal evidence was convicted of robbery in the first degree and sentenced to a state's prison for a term of not more than twenty years nor less than seven years and the court can find no error in the record of the trial or in the charge of the court prejudicial to the rights of the defendant, his motion for a certificate of reasonable doubt will be denied.

APPLICATION for certificate of reasonable doubt.

*Charles J. Dodd,* district attorney (*Henry J. Walsh,* of counsel), for plaintiff.

*Herbert N. Warbasse,* for defendant.

BENEDICT, J. The defendant was convicted in the County Court of the crime of robbery in the first degree and sentenced on December 4, 1922, to Sing Sing Prison under an indeterminate sentence, the

maximum of which was to be twenty years and the minimum thereof seven years. The defendant applies to this court for a certificate of reasonable doubt pending an appeal from the judgment. The learned counsel for the defendant has gone through the record with the most meticulous care, with the result that he has submitted to this court some twenty assignments of alleged error by reason of which he urges very strongly on the court that there is reasonable doubt as to whether the judgment of conviction will be sustained. I entertain no such doubt. Of course, it is one of the weaknesses of the administration of our criminal law, that has brought it under adverse criticism, that criminals, with the aid of legal technicalities, too often escape through the meshes of the net of justice. It is a fact that in this day the law is so solicitous in protecting the rights of criminals and so humane and tender in the punishment of crime that there is danger that the right of civilized society to protect itself against crime of every kind will be forgotten or lost sight of. Every judge and prosecuting attorney knows how difficult it is to convict defendants even in cases where their guilt is morally certain, and, even when convictions are had, much of the deterrent effect of the convictions is lost through the well-meaning but impractical theories of injudicious sociologists. In saying this I am not arguing in favor of a return to the cruel and inhuman punishments of other days, and certainly not of the brutal savagery displayed in our own day in a land where human liberty no longer exists and where civilization itself is trembling in the balance, but I am emphasising the fact that all that a defendant charged with crime is entitled to under our system of criminal justice is a prompt and fair trial before an impartial court and jury, where he is presumed to be innocent until his guilt is established beyond a reasonable doubt. These may be truisms but they are so frequently overlooked that it may not be amiss to dwell on them. The present case is one to which they are applicable. The defendant has been found guilty of the crime of robbery on a trial before one of the judges of the County Court, who is recognized as an able, experienced and impartial judge, and I can find no error in the record, or in the charge of the court, whereby the defendant was prejudiced or his rights disregarded. He was convicted after a trial conducted as a legal trial ought to be conducted and on legal evidence. If among the numerous assignments of error which are submitted there may lurk one that taken out of the context may seem to be prejudicial, a review of the entire record convinces me that the defendant has no just cause for complaint at the result at which the jury arrived. Motion denied.

Ordered accordingly.